UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE BONO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4352** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Bruce Bono's "Motion for Partial Summary Judgment" is **DENIED**. (Document #7.)

**IT IS FURTHER ORDERED** that Allstate Insurance Company's cross-motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Allstate Insurance Company (Allstate) issued a Standard Flood Insurance Policy to Bruce Bono to cover the structure and contents of his home in Mandeville, Louisiana, under a Write-Your-Own Program.[1]  While Bono was in the process of moving into his home, Hurricane Katrina approached, and Bono decided to store his belongings at his son's home in the Lakeview

---

[1] "Flood insurance policies can be issued directly by the [Federal Emergency Management Agency] or through private insurers known as 'Write Your Own' companies.  By statute, these companies are fiscal agents of the United States."  Gowland v. Aetna, 43 F.3d 951, 953 (5th Cir. 1998); 42 U.S.C. § 4071.

section of New Orleans. Bono's personal property was damaged by flood water, and Bono made a claim under the Allstate flood insurance policy.

Allstate denied coverage for the loss under the policy because the personal property was not located in the building listed on the declarations page of the policy at the time of the loss. Bono filed a petition for damages in the 22nd Judicial District Court for the Parish of St. Tammany against Allstate, alleging a claim for breach of contract, pursuant to La. Rev. Stat 22:658 and 22:1220.

Allstate removed the case to federal court based on federal question jurisdiction under the National Flood Insurance Act. Bono filed a motion for partial summary judgment, and Allstate filed a cross-motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). The parties agree that the facts are not in dispute.

The terms and conditions of all federal flood insurance policies are fixed. See Gowland v. Aetna, 143 F.3d at 953. The provisions of a policy issued under a federal program must be strictly construed and enforced. Id. at 954.

### B. Coverage for personal property

Bono contends that he is entitled to coverage regardless of where the personal property was located at the time of loss. He argues that the policy provides coverage for the property at the "described location," which is defined as "[t]he location where the insured building(s) or personal property are found." Bono contends that the policy is ambiguous because the "described location" includes the location where the personal property is found.

Coverage B–Personal Property provides:

If you have purchased personal property coverage, we insure against direct physical loss by or from flood to personal property inside a building at the described location.

The definition of "described location" is found in Article II, Section B, ¶ 11:

**Described Location.** The location where the insured building(s) or personal property are found. The described location is shown on the Declarations Page.

The declarations page is defined as follows in ¶ 10:

**Declarations Page**. A computer-generated summary of information you provided in the application for insurance. The Declarations Page also describes the term of the policy, limits of coverage, and displays the premium and our name. The Declarations Page is a part of this flood insurance policy.

The policy covers only those losses which occur at the location shown on the declarations page. The declarations page in Bono's policy identifies the "Insured Property Address" as 2606 Rue Toulander S., Mandeville, La. 70448, and covers the building and contents at that location. Bono's property was not located at the insured location shown on the declarations page at the time of the loss; therefore, there is no coverage under the policy.

Coverage for an alternative location where personal property is "found" does not apply to Bono's policy, which covers the building at the described location and its contents. The

Standard Flood Insurance Policy is also used to insure contents of renters and condominium owners, where the building may not be insured under the policy.  See Section III.  In those cases, the personal property of the policyholders would be covered where it is "found" at the location described on the declarations page.

Accordingly, there are no disputed issues of material fact, and Allstate is entitled to judgment as a matter of law.

New Orleans, Louisiana, this  17th  day of January, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**